Argued and submitted August 23, judgment vacated; remanded with instructions
October 3, 2001

# HOOD RIVER COUNTY,
*Respondent,*

*v.*

# Mo STEVENSON,
*Appellant.*

## 00-0046DG; A110943

33 P3d 325

Robert E. Babcock argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Linder, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

LINDER, P. J.

## LINDER, P. J.

Defendant appeals a judgment of the Hood River County Circuit Court concluding that she had violated a county ordinance that prohibits the keeping of a vicious or dangerous dog and ordering that the dog be destroyed. Defendant argues that the order is void because the person who initiated the complaint and prosecuted the violation, Farber, was not authorized to bring such an action. We agree and accordingly vacate the judgment.

The pertinent facts are not in dispute. On May 27, 2000, Farber was walking an elderly golden retriever, Wags, near defendant's property when defendant's dog, Kiss-Kiss, left defendant's property and attacked Wags. Wags's owner and Farber eventually were able to end the attack by hitting Kiss-Kiss with a hoe. Wags suffered serious injuries as a result of the bites inflicted by Kiss-Kiss.

Farber swore out a complaint alleging that defendant owned and kept a vicious or dangerous dog in violation of a Hood River County ordinance. Based on a report from an animal control officer, the trial court issued an order of detention, pursuant to which Kiss-Kiss was seized.[1] A trial was held on the complaint, with the complaint being prosecuted by Farber. There was no participation at any phase of the proceeding by a district attorney or by county counsel. The trial court concluded that defendant had kept a vicious and dangerous dog in violation of the ordinance and ordered Kiss-Kiss to be destroyed.

After trial, defendant filed a motion for relief from judgment, arguing that ORS chapter 153, which governs the procedures for trying violations in circuit court, prohibits individuals such as Farber from initiating and prosecuting complaints like the one at issue here. The trial court denied

---

[1] The original complaint and order of detention incorrectly named another of defendant's dogs as the one who had attacked Wags, although it is not disputed that the dog that was seized pursuant to the order and the dog that ultimately was the subject of the hearing was the dog that had attacked Wags. No issue is raised on appeal concerning the incorrect designation of the dogs.

the motion on the ground that it was untimely and alternatively held that ORS 203.810(2) permitted a private complainant to prosecute a dog control ordinance violation. On appeal, defendant asserts the same argument that she made in the motion for relief from judgment, arguing that the flaw is jurisdictional and can be raised at any time.

We agree that the problem is jurisdictional. Whether a party has the ability to initiate and prosecute an action is a question of standing. Standing is an essential feature of justiciability. *See generally Utsey v. Coos County*, 176 Or App 524, 32 P3d 933 (2001); *Poddar v. Clatsop County*, 167 Or App 162, 168, 2 P3d 929, *adhered to on recons* 168 Or App 556, 7 P3d 677, *rev den* 331 Or 193 (2000). A jurisdictional question need not be preserved by a party, much less raised at a specific point in a proceeding, for a court to consider it. Courts have an obligation to consider jurisdictional issues *sua sponte*, because courts lack ability to enter judgments in cases where no justiciable controversy exists. *Poddar*, 167 Or App at 164. We therefore turn to whether the trial court's judgment is void because Farber lacked standing to initiate the complaint.

The procedures used in this case do comply with the Hood River County ordinances. The county enacted its dog control ordinance, Hood River County Ordinance (HRCO) chapter 6, in 1983, pursuant to its authority under ORS chapter 609 and ORS chapter 203 to regulate dogs by ordinance. *See* ORS 609.015 (counties may adopt ordinances and regulations relating to the control of dogs); ORS 203.810 (county offenses may be prosecuted in circuit court in the same manner as offenses made punishable by state law). HRCO 6.16.010C provides that it is a violation of the dog control ordinances for a person to "keep a vicious or dangerous dog." The definition of "vicious or dangerous dog" in HRCO 6.08.170 includes a dog that bites any human or domestic animal, with certain exceptions not relevant here. HRCO 6.12.010 vests the county sheriff with authority to enforce and administer the provisions of the dog control ordinances. HRCO 6.12.030 also permits "any peace officer" to arrest, cite, or impound dogs pursuant to the dog control ordinances. HRCO 6.12.050 gives certain powers to dog control officers as well:

"A. To have police power in the enforcement of all provisions of this title relating to the * * * impounding of dogs and the citation of persons in lieu of arrests for violation of this title * * *;

"B. To impound and keep safely any dog which is found doing any of the acts prohibited by this title * * *;

"C. To issue uniform dog control ordinance citations, to appear as witnesses and to perform all other acts necessary for the enforcement of this title[.]"

HRCO 6.40.010 permits the issuance of uniform dog control citations for "violations committed in the presence of the complainant." HRCO 6.40.050 provides:

"The citation shall contain a form of certificate by the complainant to the effect wherein he certifies that he has reasonable grounds to believe and does believe that the person cited committed the offense contrary to law. The certification, if made by the Hood River County sheriff or any peace officer, need not be made before a magistrate or any other person. *A private person shall certify before a magistrate, clerk or deputy clerk of the court, and this action will be entered in the court record.* A certificate conforming to this section shall be deemed equivalent to a sworn complaint." (Emphasis added.)

In sum, Hood River County's ordinances authorize certain officials, such as the sheriff or a dog control officer, to enforce the dog control ordinances. The county also by ordinance expressly authorizes citizen complainants such as Farber to initiate proceedings for violation of the dog control ordinances.

The question then becomes whether the ordinance authorizing a citizen citation comports with state law concerning the prosecution of violations in circuit courts. ORS chapter 153 governs the prosecution of violations, whether of state law or county ordinance, in state circuit courts.[2] Under that chapter, a complaint generally is sworn out by an "enforcement officer," which is statutorily defined to include

---

[2] ORS chapter 153 was substantially revised and reorganized by the legislature in 1999, long after the county enacted its animal control ordinances. *See* Or Laws 1999, ch 1051.

various types of police officers, sheriffs, investigators of district attorneys or of the Department of Justice, or others specifically authorized by law to issue citations. ORS 153.005.[3] A complaint issued pursuant to ORS chapter 153 generally requires "the enforcement officer [to] certify, under the penalties provided in ORS 153.990, that the enforcement officer has reasonable grounds to believe, and does believe, that the person named in the complaint committed the violation specified in the complaint." ORS 153.045(5). Finally, ORS 153.058 creates a limited exception that allows persons other than enforcement officers to commence violation proceedings:

"(1) A person other than an enforcement officer may commence a violation proceeding by filing a complaint with a court that has jurisdiction over the alleged violation. The filing of the complaint is subject to ORS 153.048. The complaint shall be entered by the court in the court record.

"* * * * *

"(7) Any political subdivision of this state may require by ordinance that violation proceedings for the purpose of enforcing the charter or ordinances of the political subdivision may not be commenced in the manner provided by this section and that those proceedings may be commenced only by enforcement officers.

"(8) A person other than an enforcement officer may commence a violation proceeding under this section *only* for:

"(a) Boating violations under ORS chapter 830, or any violation of rules adopted pursuant to ORS chapter 830 if the violation constitutes an offense;

---

[3] No argument has been made in the present case, either in the trial court or on appeal, that a citizen complainant is an "enforcement officer" for purposes of ORS 153.005(1) because the ordinance authorizes citizen complaints and therefore "specifically authorize[s] by law" the citizen to issue citations. ORS 153.005(1)(f). In any event, when the definition of "enforcement officer" found in ORS 153.005(1) is read in context with the remainder of ORS chapter 153, and in particular in context with ORS 153.058(8) (concerning commencement of violation proceedings by persons other than enforcement officers), it is clear that the definition of "enforcement officer" cannot be read to include private parties or citizen complainants. The statutes, as discussed more fully below, clearly contemplate different procedures for violations initiated by citizen complainants from those procedures used for violations initiated by a citation issued by enforcement officers.

"(b)   Traffic violations under ORS chapters 801 to 826, or any violation of rules adopted pursuant to those chapters if the violation constitutes an offense;

"(c)   Violations under the wildlife laws, as described in ORS 496.002, or any violation of rules adopted pursuant to those laws if the violation constitutes an offense;

"(d)   Violations under the commercial fishing laws, as described in ORS 506.001, or any violation of rules adopted pursuant to those laws if the violation constitutes an offense; or

"(e)   Violations of ORS 618.121 to 618.161, and violation of rules adopted pursuant to those laws if the violation constitutes an offense."[4] (Emphasis added.)

The dog control ordinances at issue in this case were not adopted pursuant to any of the ORS chapters specifically enumerated in ORS 153.058(8)(a) through (e); rather, they were adopted pursuant to ORS chapter 609, pertaining to animal control. ORS 153.058 provides an exclusive list of the types of violation proceedings that may be initiated by persons other than enforcement officers. Animal control violation proceedings brought pursuant to local ordinances are not included on that list.[5] Defendant therefore is correct that the text of ORS 153.058 prohibits the type of proceeding at issue here from being commenced by a person such as Farber, because she is not an enforcement officer.

The trial court's reliance on ORS 203.810(2) as authority for permitting a citizen complainant to initiate the violation proceeding in this case was misplaced. That statute provides, in part:

"Except as may be provided otherwise by county law:

"* * * * *

---

[4] The cited provisions of ORS chapter 618 pertain to state licensure of commercially operated weighing and measuring instruments by the Department of Agriculture.

[5] Given the provisions of subsection (7), which indicates that the statute potentially applies to violations of ordinances of political subdivisions, we assume for present purposes that the references to "rules" throughout subsection (8) of the statute encompasses ordinances adopted pursuant to the ORS chapters specifically enumerated in ORS 153.058(8)(a) through (e).

"(b) The district attorney shall prosecute county offenses unless the county governing body elects to have the prosecution of such offenses conducted by a county counsel appointed pursuant to ORS 203.145.

"(c) The practice and procedure as to the prosecution, trial and punishment of county offenses shall be the same as in the case of similar crimes or offenses defined or made punishable by state law."

The court reasoned that HRCO 6.40.050, which permits a private party to swear out a complaint, "provided otherwise" than having the district attorney or county counsel prosecute the violation. We disagree with the trial court that ORS 203.810(2) provides authority for a county to permit by ordinance that which is specifically prohibited by ORS 153.058(8). ORS chapter 153 applies to violation proceedings brought in state circuit courts. Although ORS 153.030(4) and (5) allow political subdivisions to provide for *administrative* enforcement of their ordinances in alternative forums in certain circumstances, nothing in ORS chapter 153 indicates that a county ordinance may permit a violation proceeding to be commenced and prosecuted in state circuit court pursuant to an ordinance in a manner that directly contradicts the limitations set forth in ORS 153.058(8). *See, e.g., State v. Tyler*, 168 Or App 600, 604, 7 P3d 624 (2001) (when a statute prohibits what an ordinance permits, the legislature has preempted the ordinance).

In conclusion, although the county ordinance permits a private party to initiate a proceeding for violation of the dog control ordinances, ORS 153.058(8) specifically does not allow such initiation of violation proceedings in state circuit court. ORS 203.810(2) cannot be read as permitting by implication a county to proceed in a manner that ORS 153.058(8) expressly does not permit. Thus, Farber lacked standing to initiate this proceeding against defendant, and the resulting judgment ordering the destruction of Kiss-Kiss is void and unenforceable.

Judgment vacated; remanded with instructions to dismiss proceeding.