Argued and submitted July 5, vacated and remanded with instructions to dismiss petition for judicial review August 31, 2005

G.A.S.P.,
Sierra Club, Oregon Wildlife Federation,
Karyn Jones, Susan Jones, Heather Billy,
Deborah Burns, Janice H. Lohman, Leandra Phillips,
Merle C. Jones, Cindy Beatty, Andrea E. Stine,
Dorothy Irish, Mary Bloom, Robert J. Palzer,
Janet Nagy, Ladonna King, John Spomer,
Christine Clark, Stuart Dick, Gail Horning,
David Burns, Pius A. Horning, Karla Stuck,
and Melanie Beltane,
*Appellants,*

*v.*

ENVIRONMENTAL QUALITY COMMISSION
and Department of Environmental Quality,
*Respondents.*

9908-08606; A111077

118 P3d 831

Stuart A. Sugarman and Richard E. Condt filed the brief for appellants.

Denise G. Fjordbeck, Senior Assistant Attorney General, argued the cause for respondents. With her on the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Julie A. Smith, Assistant Attorney General.

Tom Lindley, Jeffrey C. Dobbins, and Perkins Coie LLP, filed the brief *amicus curiae* for Washington Demilitarization Company.

Before Landau, Presiding Judge, and Edmonds and Ortega, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Petitioners appeal a judgment affirming an order of the Oregon Environmental Quality Commission (EQC) that, in turn, clarified an earlier EQC order granting the United States Army (Army) a hazardous waste permit for the construction and operation of an incineration facility to destroy chemical weapons stored at the Umatilla Chemical Depot. Petitioners complain that the trial court erred because it did not permit them to make an adequate record and because, in any event, the clarifying order is not supported by substantial evidence. The EQC responds that the appeal should be dismissed because the trial court lacked jurisdiction to review the clarifying order in the first place. We agree with the EQC that the petition for judicial review was untimely, and vacate the judgment with instructions to dismiss the petition.

The facts pertinent to the disposition of the appeal are not in dispute. In February 1997, the EQC issued the original order granting the Army a hazardous waste permit. Petitioners filed a petition for judicial review of an order in other than a contested case. ORS 183.484. The circuit court remanded a portion of the matter to the EQC for clarification of certain matters, the details of which we need not describe for the purposes of this appeal.

On March 19, 1999, the EQC issued an "Order Clarifying Permit Decision," in which the agency responded to the court's remand. In the meantime, the appeal of the original 1997 order remained pending before the trial court. Petitioners sought leave to file a supplemental petition for judicial review so that they could challenge the clarifying order in the same proceeding. The trial court denied the motion to file a supplemental petition.

On June 1, 1999, the trial court issued an opinion and order in which it addressed, and rejected, petitioners' challenge to the original 1997 order. It also granted petitioners "60 days from the date of this order in which to file a separate petition or petitions for judicial review on any of the subjects contemplated" by the supplemental petition.

On August 9, 1999, petitioners filed a petition for judicial review of the March 19, 1999, clarifying order. On June 21, 2000, the trial court entered judgment affirming the clarifying order, and it is from that judgment that petitioners now appeal.

ORS 183.484(1) confers on certain circuit courts jurisdiction for judicial review of orders in other than contested cases. ORS 183.484(2) then provides that "[p]etitions for review shall be filed within 60 days only following the date the order is served." The timely filing of a petition for judicial review of agency action is a jurisdictional requirement. *Ososke v. DMV*, 320 Or 657, 659-60, 891 P2d 633 (1995). Accordingly, the failure to comply with that requirement is a matter that cannot be waived and may be raised for the first time on appeal. As we held in *Hood River County v. Stevenson*, 177 Or App 78, 81, 33 P3d 325 (2001), "[a] jurisdictional question need not be preserved by a party, much less raised at a specific point in a proceeding, for a court to consider it. Courts have an obligation to consider jurisdictional issues *sua sponte*[.]"

In this case, there appears to be no dispute that the clarifying order at issue was served on or about March 19, 1999, and that the petition for judicial review was not filed until August 9 of the same year, well beyond the 60-day filing period. It is true that the trial court granted petitioners an additional 60 days from the statutory deadline for filing the petition. It is doubtful that the court possessed authority to do that. In any event, the fact remains that petitioners failed to file even within the extended deadline.

We conclude that the EQC is correct that the petition was untimely filed. It necessarily follows that the trial court lacked jurisdiction to determine the validity of the March 19, 1999, clarifying order. We therefore vacate the judgment and remand with instructions to dismiss the petition. *First Commerce of America v. Nimbus Center Assoc.*, 329 Or 199, 208-09, 986 P2d 556 (1999).

Vacated and remanded with instructions to dismiss petition for judicial review.