Argued and submitted September 13, 2011, order denying motion to set aside default judgment reversed and remanded with instructions; supplemental judgment entered January 4, 2010, vacated February 8, 2012

## PORTLAND GENERAL ELECTRIC COMPANY,
an Oregon corporation,
*Plaintiff-Respondent,*

*v.*

### EBASCO SERVICES, INC.,
fka Esicorp, Inc., et al.,
*Defendants,*

*and*

### LEXINGTON INSURANCE COMPANY,
*Defendant-Appellant.*

### EECI, INC.,
a Nevada corporation,
*Third-Party Plaintiff,*

*v.*

### GENERAL ELECTRIC COMPANY,
a New York Corporation, et al.,
*Third-Party Defendants.*

Clackamas County Circuit Court
CV05120776; A143752

273 P3d 165

James A. Sonne argued the cause for appellant. On the briefs were Bullivant Houser Bailey PC, Daniel F. McNeil, and Stephen F. Deatherage.

Brian R. Talcott argued the cause for respondent. With him on the brief was Dunn Carney Allen Higgins & Tongue LLP.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

HADLOCK, J.

## HADLOCK, J.

Defendant Lexington Insurance Company appeals an order denying its motion to set aside a default judgment for $800,000, plus costs and fees, that the trial court entered in favor of plaintiff Portland General Electric Company.[1] Defendant makes three arguments on appeal: (1) that the trial court lacked jurisdiction to enter a default judgment awarding monetary damages because plaintiff "never indicated to [defendant], in its complaint or otherwise, the amount of monetary relief it was seeking"; (2) that the trial court lacked jurisdiction to enter the default judgment because plaintiff filed an amended complaint seeking additional relief in the form of attorney fees, and it never served defendant with the amended complaint; and (3) that the trial court erred in denying defendant's motion to set aside the default judgment on the basis of excusable neglect, under ORCP 71 B(1)(a). As explained below, we agree with defendant's argument that the trial court lacked jurisdiction to enter a default judgment for over $800,000 based on a complaint that did not request any specific amount of monetary relief. Accordingly, we reverse and remand on that basis without addressing defendant's remaining arguments. In conjunction with our conclusion that the trial court lacked jurisdiction to enter the default judgment, we also vacate the supplemental judgment awarding plaintiff attorney fees.

The pertinent facts are undisputed. This insurance case relates to personal-injury litigation initiated by a person who alleged that he suffered from mesothelioma caused by exposure to asbestos at one of plaintiff's power plants, where he worked in the 1970s. After settling the personal-injury case, plaintiff sued "Certain Underwriters at Lloyd's London" and "Certain London Market Insurance Companies," which had issued plaintiff insurance policies covering the period during which the asbestos exposure occurred. Plaintiff alleged that those insurers had breached the policies by

---

[1] Although plaintiff sued several insurers in this coverage dispute, the order and limited judgment at issue on appeal involve only one defendant: appellant Lexington. Accordingly, we use the term "defendant" in this opinion to refer only to Lexington, not to the other defendants below.

refusing to indemnify it with respect to the asbestos-exposure claims, and it sought an order finding that the insurers were "liable to reimburse [plaintiff] regarding the settlement of the underlying lawsuit."[2] One of the insurance policies is relevant to this appeal: an excess liability policy issued to plaintiff that was underwritten by several subscribing insurers, including defendant. That policy provided coverage not to exceed $5 million. Defendant subscribed to a 16 percent share of the policy, giving it a maximum exposure of $800,000.

Plaintiff's complaint did not allege that plaintiff had suffered any specific amount of monetary loss because of the defendant insurers' failure to indemnify. Nor did the prayer for relief seek any specific amount of monetary damages. Although a copy of the pertinent insurance policy was attached to the complaint as an exhibit, plaintiff did not allege that it was seeking damages equivalent to the liability limit under that policy. The complaint also did not specify the amount of money for which plaintiff had settled the underlying asbestos exposure litigation. Instead, the complaint stated only that the settlement amount was "reasonable."

In 2006, plaintiff served the complaint on the New York law firm Mendes and Mount, which the policy specified was an authorized agent for service of process for the subscribing insurers. Based on instructions from Certain Underwriters at Lloyd's London, Mendes and Mount forwarded the complaint to the law firm of Lane Powell PC. After plaintiff filed an amended complaint, Lane Powell filed an answer on behalf of other subscribing insurers, but not on behalf of defendant. According to one of defendant's lawyers, "Lane Powell did not represent [defendant] * * * in this matter, and never received instructions to do so."

About three years after it had filed the original complaint, plaintiff moved for an order of default and for a limited default judgment against defendant for $800,000, plus

---

[2] In the same action, plaintiff also brought breach-of-contract, negligence, and indemnity claims against various corporations that plaintiff alleged were responsible for design, engineering, manufacturing, equipment installation, and project management operations at the power plant. The ultimate resolution of those claims is not at issue in this appeal.

costs and attorney fees.[3] Plaintiff served that motion on Lane Powell, which represented the other subscribing insurers, but not on defendant. Along with the motion, plaintiff filed an attorney's declaration stating that plaintiff's loss in the underlying personal injury action exceeded "the $800,000 policy limit provided by [defendant]." The trial court granted plaintiff's motion and entered an order of default and a limited judgment against defendant in January 2009, ordering defendant to pay plaintiff a total of $826,865. The court entered a general judgment of dismissal in March 2009. Four months later, defendant moved to set aside the default order and limited judgment of default, primarily on the basis of asserted surprise, inadvertence, or excusable neglect. The trial court denied that motion and later entered a supplemental judgment awarding plaintiff additional costs and attorney fees. Defendant appeals both the supplemental judgment and the order denying its motion to set aside the limited judgment of default.[4]

On appeal, defendant renews its argument that the trial court should have set aside the default judgment on the ground that defendant's failure to answer the complaint resulted from excusable neglect. However, defendant also makes an unpreserved argument that the trial court lacked jurisdiction to enter the default judgment in the first place. Defendant relies on the general principles that (1) a court lacks jurisdiction to enter a default judgment "to the extent that the amount of the judgment exceeds the amount prayed for," *Montoya v. Housing Authority of Portland*, 192 Or App

---

[3] Although plaintiff filed two amended complaints, it apparently did not serve defendant with those amended pleadings. Because the default judgment was entered on the basis of the original complaint, we do not discuss the amended complaints further.

[4] ORS 19.205 provides, in pertinent part:

"(1) Unless otherwise provided by law, a limited judgment, general judgment or supplemental judgment, as those terms are defined by ORS 18.005, may be appealed as provided in this chapter. * * *

"* * * * *

"(3) An order that is made in the action after a general judgment is entered and that affects a substantial right, including an order granting a new trial, may be appealed in the same manner as provided in this chapter for judgments."

408, 416, 86 P3d 80 (2004), and (2) "to that extent, the judgment is void *ab initio.*" *Id.* According to defendant, the default judgment in this case is "void because the complaint does not specify the amount of money that [plaintiff] sought from [defendant] and there was no additional notice by [plaintiff] to [defendant] of such amount before entry of default and the ensuing $800,000-plus award." Defendant acknowledges that it did not present that argument to the trial court, but asserts that we should address it as establishing an "error of law apparent on the face of the record."

Plaintiff's response takes issue with defendant's assertion that the complaint did not indicate the amount of damages that plaintiff sought. Plaintiff relies on the complaint's allegation that the subscribing insurers had breached a specific $5 million insurance policy, which was attached as an exhibit to the complaint. Because that insurance policy stated that defendant had subscribed to a "16% share of the $5 million policy limit, for a total of $800,000," plaintiff contends that defendant "had all of the information necessary to allow it to understand the claim being asserted and to assess its risk of not appearing." Focusing on the unpreserved nature of defendant's argument on appeal, plaintiff asserts that, "at the very least," the trial court did not *plainly* err by entering the default judgment.

Because it is dispositive and relates to fundamental jurisdictional questions, we address defendant's unpreserved argument that the default judgment is void, instead of addressing the preserved claim of excusable neglect. As we often have stated, parties may raise jurisdictional issues, and may challenge judgments on the ground that they are void, for the first time on appeal. *See, e.g., G.A.S.P. v. Environmental Quality Commission*, 201 Or App 362, 366, 118 P3d 831 (2005) (vacating trial court judgment as void on a ground that had not been properly raised at trial); *Montoya*, 192 Or App at 413, 416 (addressing unpreserved claim that default judgment was void to the extent that it exceeded the amount prayed for in the complaint); *Hood River County v. Stevenson*, 177 Or App 78, 81, 33 P3d 325 (2001) ("A jurisdictional question need not be preserved by a party, much less raised at a specific point in a proceeding, for a court to consider it.").

Moreover, because we address jurisdictional errors without respect to preservation, we also need not decide whether the claimed error is "obvious," as we normally do when considering whether an unpreserved argument establishes plain error. *Cf. State v. Lovern*, 234 Or App 502, 508, 228 P3d 688 (2010) (explaining that, under ORAP 5.45, error is "plain" if "(1) the error is one of law; (2) the legal point is obvious—that is, 'not reasonably in dispute'; and (3) to reach the error, '[w]e need not go outside the record or choose between competing inferences to find it' " (citations omitted) (brackets in *Lovern*)). That is clear from our decisions in cases like *Montoya* and *Stevenson*, in which we analyzed the unpreserved jurisdictional arguments at length before concluding that the challenged judgments were void, in whole or in part, and we vacated the void portions of the judgments for that reason. *Montoya*, 192 Or App at 413-16; *Stevenson*, 177 Or App at 81-85. When a challenged judgment is void, our duty to consider jurisdictional issues—even those that the parties never have raised—trumps the jurisprudential concerns that normally counsel against addressing unpreserved claims of error. *See generally Roley v. Sammons*, 197 Or App 349, 352, 105 P3d 879 (2005) (Court of Appeals has "an obligation to consider" whether the trial court had jurisdiction to enter the judgment being appealed, even if the parties have not addressed that issue, because, "[i]f the trial court lacked jurisdiction, the [judgment] is a nullity and, consequently, we would lack jurisdiction over the appeal of that 'judgment' ").

We turn to the merits of defendant's argument that the trial court lacked jurisdiction to enter the default judgment awarding plaintiff more than $800,000 in damages. Defendant contends that the complaint did not seek *any* specific amount in monetary damages. Consequently, defendant argues, the default judgment is void in its entirety. We agree.

Our decision in *Montoya* dictates the outcome of this case. In *Montoya*, the plaintiff filed a personal injury action against two defendants, alleging that he had suffered a total of approximately $65,800 in noneconomic and economic damages, with the specific amount to "be proven more accurately at trial." 192 Or App at 410 (italics omitted). Although both defendants were properly served, one did not make an appearance, and the trial court entered a default judgment

for $79,766 against that defendant. *Id.* at 411. The defaulted defendant unsuccessfully moved to set aside the judgment on the ground that its failure to appear was based on excusable neglect. *Id.* at 411-13.

On appeal, the defendant argued for the first time that the default judgment was void to the extent that it awarded an amount of damages exceeding that which the plaintiff had sought in his complaint. We agreed, explaining that ORCP 67 C includes a jurisdictional requirement limiting the circumstances in which a trial court can enter a judgment in an amount exceeding that sought in the complaint: The court may enter such a judgment only if the party against whom the judgment is to be entered has had reasonable notice and opportunity to be heard * * *." *Id.* at 416. Absent such notice, "the court acquires personal jurisdiction over a nonappearing party only to the extent of the relief requested in the complaint served on the party." *Id.* We concluded that "the trial court was without jurisdiction to enter the default judgment to the extent that the amount of the judgment exceed[ed] the amount prayed for and, to that extent, the judgment [was] void *ab initio*." *Id.*

The same principles apply here. Although ORCP 67 C has been amended since we issued our decision in *Montoya*, the fundamental rule remains intact: A court may enter a judgment awarding more damages than the plaintiff sought in the complaint only if the party against whom the judgment will be entered had reasonable notice and an opportunity to be heard:

> "Every judgment shall grant the relief to which the party in whose favor it is rendered is entitled. A judgment for relief different in kind from or exceeding the amount prayed for in the pleadings *may not be rendered* unless reasonable notice and opportunity to be heard are given to *any party against whom the judgment is to be entered*."

ORCP 67 C (emphasis added).[5]

---

[5] Before it was amended in late 2004, ORCP 67 C provided:

"Every judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if such relief has not been demanded in the pleadings, except:

"C(1) A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. However, a default

Here, plaintiff did not pray for *any* specific amount in damages against defendant. The complaint stated only that plaintiff sought reimbursement for a "reasonable" amount for which it allegedly had settled the underlying personal injury case. That assertion of reasonableness was not sufficient to give defendant notice that plaintiff sought to recover any particular amount in damages from defendant. Hypothetically, at least, the "reasonable" settlement could have involved very little money, and defendant's potential liability could have been negligible. Consequently, under ORCP 67 C and *Montoya*, the trial court lacked jurisdiction to enter a default judgment against defendant in any amount.

In arguing to the contrary, plaintiff does not rely on any of the allegations or the prayer in the complaint itself, but points to the insurance policy that it attached as an exhibit to the complaint, and which it asserted that defendant had breached. Because defendant's maximum exposure under that policy was $800,000 (its 16 percent share of the $5 million in coverage that the policy provided), plaintiff contends that the complaint effectively included a request for $800,000 in damages. We disagree. Nothing in the complaint indicated that plaintiff sought to recover the maximum amount available under the attached insurance policy. Nor did the complaint even allege that the underlying asbestos exposure case had settled for more than that amount. Because the complaint did not pray for a specific amount in damages, it gave defendant no notice of whether plaintiff sought the entire $800,000 available under the policy or some lesser amount—perhaps dramatically less.

In short, the complaint did not seek any specific amount in damages, either on its face or by reference to the attached insurance policy. Accordingly, the trial court lacked jurisdiction to enter a default judgment against defendant in any amount, and the judgment it did enter is void. On

judgment granting equitable remedies may differ in kind from or exceed in amount that prayed for in the demand for judgment, provided that reasonable notice and opportunity to be heard are given to any party against whom the judgment is to be entered.

"C(2) Where a demand for judgment is for a stated amount of money as damages, any judgment for money damages shall not exceed that amount."

ORCP 67 C (2003).

remand, the trial court must vacate the default judgment. In conjunction with that holding, we also vacate the supplemental judgment awarding plaintiff attorney fees, costs, and disbursements, which was based on plaintiff's defense of the default judgment.

Order denying motion to set aside default judgment reversed and remanded with instructions; supplemental judgment entered January 4, 2010, vacated.