Argued and submitted April 13, order vacated and remanded with instructions to deny motion for lack of standing; permanency judgment vacated July 8, 2015

In the Matter of O. R. W.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. M. C.,
J. B., and J. B.,
*Appellants.*

Douglas County Circuit Court
1100109;
Petition Number 11JU069;
A158106

355 P3d 190

Holly Telerant, Deputy Public Defender, argued the cause for appellant B. M. C. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

George W. Kelly argued the cause and filed the brief for appellants J. B. and J. B.

Inge D. Wells, Assistant Attorney-in-Charge, argued the cause for respondent. With her on the brief were Ellen F.

Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

EGAN, J.

**EGAN, J.**

In this juvenile dependency case, the issue is whether the juvenile court erred in granting the Department of Human Services's (DHS) motion to set aside the court's May 2014 judgment granting guardianship of O, the child at issue in this case, to O's maternal grandparents.[1] Both mother and grandparents appeal from the order setting aside the May judgment, which was entered on October 15, 2014. Mother also appeals from a permanency judgment that was entered on October 14, 2014—a date after the court decided to set aside the guardianship with grandparents, but before the order setting aside the judgment was entered. In the permanency judgment, the court continued the plan of permanent guardianship of O, but with a plan to establish the guardianship with O's paternal grandparents. We conclude that the trial court erred in granting DHS's motion to set aside the May judgment, because DHS lacked standing to bring that motion and, thus, the court lacked jurisdiction to enter the order. Accordingly, we vacate the order setting aside the May judgment and remand with instructions to deny DHS's motion to set aside the guardianship for lack of standing. For the same reasons, we also vacate the permanency judgment, because it was entered while DHS lacked standing, *i.e.*, before the May judgment was set aside.

We review the court's decision of whether to grant a motion to set aside a judgment for abuse of discretion. *Dept. of Human Services v. A. D. G.*, 260 Or App 525, 534, 317 P3d 950 (2014).

The facts are undisputed. The juvenile court asserted jurisdiction over O when she was approximately eight months old, based on, as relevant here, mother's substance abuse and mental health. DHS placed O with grandparents. During that placement, DHS instructed grandparents to prevent mother from having contact with O without DHS supervision.

---

[1] Both of O's maternal grandparents have the same initials, J.B. For ease of reference, we refer to them throughout this opinion as grandmother and grandfather, or collectively as grandparents. When referring to mother and grandparents collectively, we refer to them as appellants. To avoid confusion, we refer to O's paternal grandparents solely as paternal grandparents.

In May 2014, DHS moved to establish a guardianship over O, nominating grandparents to act as O's guardians. After a hearing, the juvenile court granted DHS's motion. DHS drafted the judgment, which the court ultimately entered. As relevant to appellants' challenge, the judgment provided:

"3.   DHS' custody over the ward is terminated as of the effective date of this order and DHS is dismissed as a party to this proceeding.

"4.   Legal and physical custody of the ward is with the guardians only and they have the following duties and authority of a legal custodian * * *:

"* * * * *

"e.   To make such reports and to supply such information to the Court as the Court may from time to time require;

"* * * * *

"8.   Unless vacated under ORS 419B.368, this guardianship continues as long as the ward is subject to the Court's jurisdiction as provided in ORS 419B.328.

"* * * * *

"10.   The ward shall remain in the physical custody of guardians and shall not be returned to the parents or *placed with any other person without the express approval of the Court.*

"11.   Unless otherwise specified in this order, contact, if any, between the parents and the ward will be at the discretion of the guardians."

(Emphasis added.)

One week after the court entered the guardianship judgment, DHS moved to set aside the guardianship under ORS 419B.923(1)(c).[2] In the motion, DHS alleged that it "recently discovered that the guardians are not protecting the child from the mother and her boyfriend which are living on the guardians' property and engaging in criminal activities." The day after filing the motion, without prior approval

---

[2] We set forth the text of that statute below. 272 Or App at 260 n 4.

from the juvenile court, DHS removed O from grandparents' care and placed O with paternal grandparents.

At the hearing on the motion to set aside the guardianship,[3] mother objected to DHS's actions, arguing that DHS was required to file a new dependency petition to remove O from grandparents' care. Although DHS had not filed a new dependency petition, it responded that it could do so quickly, but asked the court to continue with the hearing without requiring it to do so. The juvenile court granted DHS's motion and set aside the guardianship judgment. Mother and grandparents timely appealed.

On appeal, appellants argue that the juvenile court committed legal error in setting aside the guardianship judgment. Appellants make a two-pronged attack on the court's authority to set aside the judgment based, first, on the statutory criteria under ORS 419B.923 and, second, in light of the fact that DHS lacked standing because it was no longer a party to the proceeding at the time it filed its motion to set aside.

We begin with appellants' second assertion, relating to the issue of standing, because it is dispositive. Appellants contend that, because the juvenile court's judgment establishing the guardianship dismissed DHS as a party, the court lacked jurisdiction to consider and grant DHS's motion to set aside. Instead, appellants assert that the proper procedure was for DHS to file new dependency petition to initiate dependency proceedings over O and to remove O from grandparents' care, alleging that, based on grandparents' care of O, O's condition or circumstances are such as to endanger her welfare.

"'Standing' is a legal term that identifies whether a party to a legal proceeding possesses a status or qualification necessary for the assertion, enforcement, or adjudication of legal rights or duties." *Kellas v. Dept. of Corrections*, 341 Or 471, 476-77, 145 P3d 139 (2006) (citations and footnote omitted). Whether a plaintiff has standing depends on

---

[3] The juvenile court held an initial hearing on the motion, but the record indicates that neither grandparents nor their attorney received notice and consequently were not present. The court held a subsequent hearing to remedy that oversight. After that hearing, the juvenile court entered the order at issue here.

the specific statutory requirements under which the plaintiff is seeking relief. *Morgan v. Sisters School District #6*, 353 Or 189, 194, 301 P3d 419 (2013). "In other words, when the legislature provides a cause of action in a statute, it also specifies the group of people who may prosecute that cause of action." *Nordbye v. BRCP/GM Ellington*, 271 Or App 168, 175, 349 P3d 639 (2015).

DHS moved to set aside the guardianship under ORS 419B.923.[4] A review of the text of that statute provides little guidance as to whom the legislature intended to confer standing. However, if the legislature has not prescribed criteria for standing in a particular proceeding, "we will examine the text of the statute in context * * * to determine the legislature's intent." *MAN Aktiengesellschaft v. DaimlerChrysler AG*, 218 Or App 117, 122, 179 P3d 675 (2008), *rev dismissed*, 346 Or 214 (2009).

ORS 419B.875 provides that context. It sets forth the parties to proceedings in the juvenile court. As relevant here, ORS 419B.875 provides:

"(1)(a)  Parties to proceedings in the juvenile court under ORS 419B.100 and 419B.500 are:

"* * * * *

"(B)   The parents or guardian of the child or ward;

"* * * * *

"(G)  The Department of Human Services or other child-caring agency if the agency has temporary custody of the child or ward[.]"

DHS concedes, based on the text of ORS 419B.923 read in the context of ORS 419B.875(1)(a)(G), that "DHS becomes a party to a juvenile dependency proceeding" such

---

[4] ORS 419B.923 provides, in relevant part:

"(1) Except as otherwise provided in this section, on motion and such notice and hearing as the court may direct, the court may modify or set aside any order or judgment made by it. Reasons for modifying or setting aside an order or judgment include, but are not limited to:

"* * * * *

"(c) Newly discovered evidence that by due diligence could not have been discovered in time to present it at the hearing from which the order or judgment issued."

as this one "if the agency has temporary custody of the child" pursuant to ORS 419B.875(1)(a)(G). We agree with DHS and accept its concession. DHS also does not dispute that the juvenile court's judgment establishing guardianship terminated DHS's temporary custody of O and "dismissed it as a party" to the dependency proceeding.

Notwithstanding those acknowledgments, DHS asserts that its "lack of party status did not deprive [DHS] of standing to file a motion under ORS 419B.923(1)(c) to set aside the order that * * * dismissed it as a party in the first place" because, in DHS's view, it has a "due process right to seek relief from the order dismissing it as a party to the proceeding." DHS's assertions center on its interpretation of *State ex rel Juv. Dept. v. Kopp*, 180 Or App 566, 43 P3d 1197 (2002). DHS argues that, in light of our holding in *Kopp*, "interpreting ORS 419B.923 in a way that restricts standing to persons or entities with party status at the time a motion is filed raises due process concerns in certain circumstances," asserting that this case raises one such circumstance. Specifically, DHS contends that, in circumstances in which a party's status as a party to the case has been terminated by the court, "due process militates that all parties to a dependency proceeding have *some right to seek relief from the judgment or order that was the basis of their dismissal in the first place.*" (Emphasis added.) Consequently, in DHS's view, "[b]ecause the ongoing validity of the order affects [DHS]'s legal rights, it has standing under ORS 419B.923 to move to set it aside."

We reject DHS's arguments for a simple reason—the state itself has no entitlement to due process or standing to challenge the application of a state statute to it on constitutional grounds. *See, e.g., State v. Woodall*, 259 Or App 67, 74 n 4, 313 P3d 298 (2013), *rev den*, 354 Or 735 (2014) ("The requirement of 'fairness to defendant' derives ultimately from the Due Process Clause of the Fourteenth Amendment: 'No state shall * * * deprive any person of life, liberty, or property without due process of law.' That amendment does not guarantee 'fairness' or due process to the state."); *City of S. Lake Tahoe v. Cal. Tahoe Regional Planning Agency*, 625 F2d 231, 233-34 (9th Cir 1980) ("It is well established that '[p]olitical subdivisions of a state may not challenge the validity of a

state statute under the Fourteenth Amendment.'" (Quoting *City of New York v. Richardson*, 473 F2d 923, 929 (2d Cir), *cert den*, 412 US 950 (1973).)).

Because we conclude that DHS lacked standing to bring its motion to set aside the May judgment, the trial court had no jurisdiction to enter an order granting that motion and setting aside the guardianship. *Hood River County v. Stevenson*, 177 Or App 78, 81, 33 P3d 325 (2001) (lack of standing is a jurisdictional issue). Accordingly, we vacate the trial court's order setting aside the May judgment and remand with instructions to deny DHS's motion for lack of standing. *See id.* at 85 (vacating judgment and remanding with instructions to dismiss proceeding when party initiating proceeding did not have standing to bring it). As set out above, the trial court's order setting aside the May judgment was not entered until October 15, 2014—the day after entry of its permanency judgment to continue the plan of permanent guardianship of O with O's paternal grandparents. For the same reasons discussed above, DHS was not a party at the time that permanency judgment was entered. As a result, we also vacate the permanency judgment, because it was entered during a time that DHS was not a party to the proceeding.

Order vacated and remanded with instructions to deny motion for lack of standing; permanency judgment vacated.